1
2
3
4
5
6
7
8
9

10        **UNITED STATES DISTRICT COURT**

11      **SOUTHERN DISTRICT OF CALIFORNIA**

12

13
14   MICHAEL DANIEL CUERO,

                                Petitioner,          CASE NO. 08cv2008 BTM (WMc)
15        vs.
                                                     REPORT AND RECOMMENDATION OF
16                                                   UNITED STATES MAGISTRATE JUDGE
                                                     RE: DENIAL OF PETITION FOR WRIT
17   MATTHEW CATE,                                   OF HABEAS CORPUS AND ORDER
                                                     DENYING EVIDENTIARY HEARING
18                              Respondent.

19                              **I.**

20                         **INTRODUCTION**

21        Michael Daniel Cuero (hereinafter "Cuero" or "Petitioner"), a California state prisoner

22   proceeding *pro se* and *in forma pauperis*, filed a federal petition for writ of habeas corpus pursuant

23   to 28 U.S.C. § 2254 on October 29, 2008. (Doc. No. 1.)  In his petition, Cuero claims he is entitled

24   to federal habeas relief because: (1) he was provided ineffective assistance of counsel by his trial

25   and appellate attorneys; (2) his negotiated plea agreement was violated by the trial court; and (3)

26   his sentence was unlawfully enhanced by prior convictions.  Petitioner also requests an evidentiary

27   hearing. (*Id.*)

28        Respondent Matthew Cate, Secretary of the California Department of Corrections and

1    Rehabilitation, has filed an answer. (Doc. No. 35.)  Respondent contends the petition should be

2    denied because: (1) Cuero has failed to state a colorable claim of ineffective assistance of counsel;

3    (2) Cuero's plea agreement was not violated; and (3) Cuero's sentence was correctly enhanced by

4    his prior convictions. (*Id.*)

5           Cuero subsequently filed a traverse to Respondent's answer, where he recites the

6    allegations contained in the petition.[1] (Doc. No. 41.)

7           This Report and Recommendation is submitted to United States District Judge Barry Ted

8    Moskowitz pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule H.C.2 of the United States

9    District Court for the Southern District of California.  After reviewing the Petition, Respondent's

10   Answer and Memorandum of Points and Authorities in support thereof (hereinafter "Answer"),

11   and all the supporting documents submitted by the parties, the Court recommends the Petition be

12   **DENIED** for the reasons stated below.

13                                          **II.**

14                              <u>**PROCEDURAL BACKGROUND**</u>

15   A.      **State court proceedings**

16          On October 18, 2005, the San Diego County District Attorney's Office filed a felony

17   complaint against Petitioner for: (1) causing bodily injury to another while driving under the

18   influence of alcohol or drugs when Petitioner already had a prior DUI within 10 years (CAL. VEH.

19   CODE § 23153(a), § 23560); (2) possessing a firearm (CAL. PENAL CODE § 12021(a)(1)); and (3)

20   being under the influence of a controlled substance, a misdemeanor (CAL. HEALTH & SAFETY

21   CODE § 11550(a). (Lodgment No. 1 at 1.)

22          On October 23, 2005, the District Attorney amended the complaint to include a special

23   allegation: Cal. Penal Code § 12022.7(a), a sentencing enhancement for causing great bodily

24   injury during the commission of a felony. (*Id.* at 6.)

25   ───────────────

26         [1]Petitioner's traverse also contains claims not set forth in the petition.  This court, however, does not reach the merits of those claims, which were improperly raised for the first time in the traverse. *See, e.g. Cacoperdo v. Demosthenes*, 37 F.3d 504 (9th Cir. 1994) ("A traverse is not a proper

27   pleading to raise additional grounds for relief."); *Breverman v. Terhune*, 153 Fed.Appx. 413 (9th Cir. 2005) ("Habeas court had discretion to consider claim raised for the first time in petitioner's

28   traverse.").  Even assuming this court reviewed Petitioner's new claims on the merits, they would be barred for lack of exhaustion pursuant to 28 U.S.C.A. § 2254(b)(1)(A).

1   On December 8, 2005, Cuero entered guilty pleas with respect to the first two charges of

2   the District Attorney's amended complaint, and also admitted one prior strike. (*Id.* at 11.)

3   On January 11, 2006, the District Attorney moved the trial court to allow an additional

4   amendment of a prior strike and two prior felonies.  The trial court granted this request on

5   February 2, 2006. (Lodgment No. 3 at 13.)

6   On March 27, 2006, the trial court allowed the District Attorney to file a third amended

7   complaint, charging Cuero with causing great bodily injury while operating a motor vehicle under

8   the influence of alcohol or drugs, and also alleging Cuero's two prior strikes.  The same day,

9   Cuero withdrew his previous guilty plea, and entered into a negotiated plea to the charges

10  contained in the District Attorney's third amended complaint, admitted two prior felonies

11  contained therein, and stipulated to a 25-years-to-life sentence. (Lodgment No. 5 at 62, 67-71.)

12  On April 20, 2006, the trial court sentenced Cuero to 25-years-to-life pursuant to the

13  negotiated plea agreement. (Lodgment No. 6.)

14  On January 23, 2007, Cuero's appellate counsel filed a *Wende* brief with the California

15  Court of Appeal, Fourth Appellate District. (Lodgment No. 7.)  Cuero was also granted permission

16  to file a supplemental brief on his own behalf, but failed to respond. (*Id.*)

17  On March 21, 2007, after concluding that no reasonably arguable appellate issue existed,

18  the California Court of Appeal affirmed the trial court's judgment. (Lodgment No. 8 at 3-4.)

19  On August 29, 2007, Cuero filed for habeas relief in the San Diego County Superior Court,

20  alleging he was provided ineffective assistance of counsel. (Lodgment No. 10 at 3.)

21  On October 2, 2007, the San Diego County Superior Court denied Cuero's petition for

22  habeas relief on the merits. (Lodgment No. 11.)

23  On November 14, 2007, Cuero filed his habeas petition with the California Court of

24  Appeal, Fourth Appellate District, where he claimed: (1) he was provided ineffective assistance of

25  counsel; (2) the trial court violated his negotiated plea agreement; and (3) his sentence was

26  unlawfully enhanced by prior convictions. (Lodgment No. 12 at 5-8.)

27  On March 6, 2008, the California Court of Appeal, Fourth Appellate District, denied

28  Cuero's petition for habeas relief on the merits. (Lodgment No. 13.)

On April 28, 2008, Cuero filed for habeas relief with the Supreme Court of California, which was summarily denied on October 1, 2008. (Lodgment No. 15.)

**B.      Federal Court Proceedings**

Cuero filed for federal habeas relief on October 29, 2008. (Doc. No. 1.)  Respondent filed an answer on February 9, 2009. (Doc. No. 35.)  Cuero filed a traverse to Respondent's answer on March 18, 2010. (Doc. No. 41.)

### III.

### STATEMENT OF FACTS

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *See also Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004) ("Principles of comity and federalism counsel against substituting our judgment for that of the state courts, a deference that is embodied in the requirements of the federal habeas statute, as amended by AEDPA.").  Accordingly, the following facts are taken from the California Court of Appeal's opinion in Cuero's direct appeal. (Lodgment No. 8.)

On October 14, 2005, Petitioner veered his car off a roadway and struck the driver of a pickup truck, who was standing beside his parked trailer.  The driver sustained severe injuries, including a ruptured spleen, brain damage, and facial disfigurement.  Petitioner subsequently tested positive for methamphetamine.  A loaded firearm was also found at the scene. (*Id.*)

Prior to this incident, Petitioner served four prison terms for numerous felonies, including two strikes.

### IV.

### STANDARD OF REVIEW

Title 28, United States Code section 2254 and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at Title 28, United States Code section 2254, subpart(d)(1), sets forth the following scope of review for federal habeas corpus claims:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. [. . .]
(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(a), (d)(1)-(2).

When determining what constitutes "clearly established federal law" under section 2254(d)(1), federal courts look to United States Supreme Court holdings at the time of the state court's decision. *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412) (2000)); *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) (citing *Andrade* to explain clearly established federal law is the governing legal principle or principles set forth by the U.S. Supreme Court at the time the state court renders its decision). In addition, Ninth Circuit law may be considered for its "persuasive authority in applying Supreme Court law." *Lewis v. Mayle*, 391 F.3d 989, 995 (9th Cir. 2004) (quoting *Van Tran v. Lindsey*, 212 F.3d 1143, 1154 (9th Cir. 2000)), overruled in part on other grounds by *Andrade*, 538 U.S. 63 (2003)); *see also, Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003) (noting while circuit law may be persuasive authority, "only the [United States] Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied").

The "contrary to" and "unreasonable application" clauses contained in section 2254(d)(1) have independent meaning. *Williams*, 529 U.S. at 404-05; *Lambert*, 393 F.3d at 974; *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003). A state court decision is "contrary to" clearly established federal law as determined by the United States Supreme Court if (1) the state court applies a rule different from the governing law set forth in Supreme Court cases, or (2) the state court confronts a set of facts that are materially indistinguishable from a Supreme Court case, but reaches a different result. *Williams*, 529 U.S. at 405-06, 412; *Bell v. Cone*, 535 U.S. 685, 694 (2002); *Andrade*, 538 U.S. at 73; *Lambert*, 393 F.3d at 974; *Clark*, 331 F.3d at 1067. A state court

1   is not required to be aware of clearly established applicable Supreme Court cases, so long as

2   "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*,

3   537 U.S. 3, 8 (2002).

4        A state court decision involves an unreasonable application of Supreme Court law if (1) the

5   state court identifies the correct governing rule, but unreasonably applies the rule to a new set of

6   facts, or (2) "the state court either unreasonably extends a legal principle from our precedent to a

7   new context where it should not apply or unreasonably refuses to extend that principle to a new

8   context where it should apply." *Williams*, 529 U.S. at 407; *Wiggins v. Smith*, 539 U.S. 510, 520

9   (2003); *Andrade*, 538 U.S. at 76; *Lambert*, 393 F.3d at 974; *Clark*, 331 F.3d at 1067.  For a state

10  court decision to be an unreasonable application of clearly established federal law, the state court

11  decision must be more than simply incorrect or erroneous; instead, the state court's decision must

12  be "objectively unreasonable." *Rompilla v. Beard*, 545 U.S. 374, 380 (2009) (citing *Wiggins*, 539

13  U.S. at 520-21); *Williams*, 529 U.S. at 409; *Vasquez*, 572 F.3d 1029, 1035 (citing *Andrade*, 538

14  U.S. at 75); *see also, Hernandez v. Small*, 282 F.3d 1132, 1140 (9th Cir. 2002) (federal habeas

15  courts determine the reasonableness of the state court's decision, not its reasoning).  Thus, this

16  Court will not disturb the decisions of the California state courts with respect to Petitioner's claims

17  unless the state courts' resolutions of those claims were "contrary to, or involved an unreasonable

18  application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. §

19  2254(d); *see also, Ramirez v. Castro*, 365 F.3d 755, 762 (9th Cir. 2004).

20        Where there is no reasoned decision from the state's highest court, the Court "looks

21  through" to the last reasoned state court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-06

22  (1991); *Plascencia v. Alameida*, 467 F.3d 1190, 1198 (9th Cir. 2006); *Vasquez*, 572 F.3d at 1035;

23  *Van Lynn*, 347 F.3d at 738.  However, if the relevant state court decision does not provide an

24  adequate explanation or a discernable basis for its reasoning on a particular claim, the federal court

25  must conduct "an independent review of the record to determine whether the state court's decision

26  was objectively unreasonable." *Richter v. Hickman*, 578 F.3d 944, 951 (9th Cir. 2009) (quoting

27  *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006)); *accord Himes v.*

28  *Thompson*, 336 F.3d 848, 853 (9th Cir. 2003); *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir.

1    2000).

2                                          **V.**

3                                      <u>DISCUSSION</u>

4    **A.        Ineffective Assistance of Counsel**

5             Petitioner claims he was provided ineffective assistance of counsel by both his trial and

6    appellate attorneys. (Doc. No. 1 at 6.)  In support of this contention, Petitioner claims his

7    attorneys: (1) failed to investigate; (2) failed to file for full discovery; (3) failed to prepare for trial;

8    (4) failed to interview potential witnesses; (5) failed to request a continuance; (6) failed to object

9    to the District Attorney's filing an amended complaint; (7) failed to provide counsel at sentencing;

10   (8) failed to preserve appeal rights; (9) had a conflict of interest; (10) and denied him choice of

11   counsel. (*Id.*)

12            Respondent observes both the trial court and state appellate court denied Petitioner's

13   ineffective assistance of counsel claim because it failed to state a *prima facie* case for relief; and

14   Petitioner has failed to allege any new facts supporting his claim. (Doc. No. 35 at 7.)

15            The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), set forth a two-

16   pronged standard for establishing a claim for ineffective assistance of counsel.  First, a defendant

17   must show "counsel's performance was deficient." *Id.* at 687. "This requires showing that counsel

18   made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant

19   by the Sixth Amendment." *Id.*  In other words, counsel's performance must fall below an

20   "objective standard of reasonableness." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).  In reviewing

21   counsel's performance for deficiency, courts must be "highly deferential, and avoid the temptation

22   to conclude that a particular act or omission of counsel was unreasonable simply because in

23   hindsight the defense has proven to be unsuccessful." *Strickland*, 466 U.S. at 689.  "The proper

24   measure of attorney performance remains simply reasonableness under prevailing professional

25   norms." *Id.* at 687.  Further, the defendant bears the burden of overcoming the strong presumption

26   counsel performed adequately. *Id.*

27            Second, Petitioner must show counsel's deficient performance "prejudiced the defense." *Id.*

28   This requires showing counsel's errors "were so serious as to deprive the defendant of a fair trial, a

                                              - 7 -

trial whose result is reliable." *Id.*  To satisfy this prong, Petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Smith v. Spisak,* 130 S. Ct. 676, 685 (2010) (quoting *Strickland*, 466 U.S. at 694). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.  The prejudice inquiry "must be considered in light of the strength of the [prosecution]'s case." *Rhoades v. Henry*, 596 F.3d 1170, 1193 (9th Cir. 2010) (quoting *Rios v. Rocha*, 299 F.3d 796, 808-09 (9th Cir. 2002) (internal quotation marks omitted).

When a "habeas petitioner asks a federal court to review a state court's application of the *Strickland* standard for evaluating ineffective assistance of counsel claims, under AEDPA, the federal court must give state courts even more latitude than is typical under AEDPA to reasonably determine that a defendant has not satisfied the *Strickland* standard." *Cheney v. Washington*, 614 F.3d 987 (9th Cir. 2010).  When a "federal court reviews a state court's *Strickland* determination under AEDPA, both AEDPA and *Strickland's* deferential standards apply; hence, the standard is described as doubly deferential." *Id.*, citing *Yarborough*, 540 U.S. at 6.

When raised on collateral review, the California Court of Appeal denied Petitioner's ineffective assistance of counsel claim because it "failed to state a prima facie case for relief" and was "wholly unsupported by facts or any explanation for the basis of the allegations." (Lodgment No. 13 at 3.)  In his federal habeas petition, Petitioner merely recites the same laundry list of counsel's alleged shortcomings without any explanation as to why they were "deficient" or deprived Petitioner of a fair trial as required by *Strickland*.  The Ninth Circuit has repeatedly held that vague and conclusory ineffective assistance of counsel allegations do not warrant federal habeas relief. *See, e.g.*, *Jackson v. Calderon*, 211 F.3d 1148, 1155 (9th Cir. 2000) ("unsupported speculation and conclusory allegations regarding an attorney's substandard performance are not sufficient to show either deficient performance or prejudice."); *Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000) ("factually unfounded claim alleging ineffective assistance of counsel presents no basis for federal habeas relief."); *James v. Borg*, 24 F.3d 20 (9th Cir. 1995) ("conclusory allegations which are not supported by statement of specific facts do no warrant habeas relief.").

1   Hence, the California Court of Appeal's denial is not "contrary to" or the result of an

2   "unreasonable application of" clearly established federal law. § 2254(d).  In accordance with the

3   "doubly deferential" standard set forth by *Strickland* and AEDPA, we affirm the state appellate

4   court's denial of Petitioner's claim for ineffective assistance of counsel.  Therefore, it is

5   recommended federal habeas relief be **DENIED** on this claim.

6   **B.    Violation of Plea Agreement**

7   Petitioner claims his plea agreement was violated by the trial court's "failure to keep a

8   commitment concerning a sentencing recommendation on a guilty plea." (Doc. 1 at 13.).  In

9   support, Petitioner cites the report of a probation officer who recommended a total prison term of

10  14 years and 4 months. (Doc. No. 1 - Appendix D at 46.)  Petitioner further claims his consent to

11  the plea agreement was "made on involuntariness", and that any constitutional waivers made in

12  accordance with the plea are invalid. (Doc. 1 at 14.)

13  Respondent argues Petitioner was counseled extensively at his plea hearing, and therefore

14  entered into the plea agreement knowingly and voluntarily (Doc. No. 35 at 11.)  Further,

15  Respondent observes Petitioner has misrepresented to the court the probation officer's report,

16  which was subsequently revised to include a recommended prison term of 25-years-to-life after the

17  District Attorney filed its third amended complaint. *Id.*

18  Petitioner failed to raise this claim on habeas review in the trial court.  When Petitioner

19  raised this claim for the first time in the California Court of Appeal, the Court held:

20      "Petitioner's contention that he should have been able to withdraw his plea fails because it
21      was not properly presented to the trial court in the first instance.  Petitioner filed a pro se
        motion to withdraw his guilty plea on September 6, 2007, well after the judgment in his
22      case had been affirmed on appeal.  However, petitioner did not raise the issue in either of
        the two consecutive habeas petitions he filed in the trial court. We decline to address it here
23      for the first time." (Lodgment No. 13 at 4.)

24  Summary denials of habeas claims are considered decisions "on the merits". *See Gaston v.*

25  *Palmer*, 417 F.3d 1030 (9th Cir. 2005).  When a state court reaches a decision on the merits but

26  provides no reasoning to support its conclusion, the federal court conducts an independent review

27  of the record to determine whether the state court clearly erred in its application of controlling

28  federal law. *See Pirtle v. Morgan*, 313 F.3d 1160, 1170 (9th Cir. 2002) (citing *Delgado v. Lewis*,

    223 F.3d 976, 982 (9th Cir. 2000).

California state law requires "an application for state habeas relief [to] be filed as promptly as the circumstances of the case allow." *In re Stankewitz*, 40 Cal.3d 391, 397 (1986). "Any significant delay must be explained and justified with particularity by the petitioner." *In re Clark*, 5 Cal.4th 750, 786 (1993). A prisoner whose habeas petition was denied by the Superior Court can obtain review of his claims only by filing a new petition in the Court of Appeal. *Id.* The new petition, however, must be confined to claims raised in the initial petition. *See In re Martinez*, 46 Cal.4th 945, 956 (2009). If the claims have not first been brought in the lower court, the Court of Appeal has discretion to deny the petition. *In re Hillery*, 202 Cal.App.2d 293, 294 (1962).

Both the Ninth Circuit Court of Appeals and, most recently, the United States Supreme Court, have upheld California state court discretion to deny habeas corpus petitions for untimeliness. "A Court of Appeal has discretion to deny without prejudice a habeas corpus petition that was not filed first in a proper lower court (*i.e.* in a Superior Court), but the Court of Appeal need not do so." *Gaston,*, 417 F.3d at 1035, (quoting *In re Steele*, 32 Cal.4th 682 (2004)) (citing, inter alia, *In re Ramirez*, 89 Cal.App.4th 1312 (2001)) ("Court of Appeal has discretion to refuse to issue the writ as an exercise of original jurisdiction on the ground that application has not been made...in a lower court in the first instance.") (quoting *In re Hillery*, 202 Cal.App. at 294). "California courts have discretion to bypass a timeliness issue and instead, summarily reject the petition for want of merit." *Walker v. Martin*, - - - S. Ct. - - -, No. 09-996, 2011 WL 611627 at *6 (Feb. 23, 2011). "Absent a showing of cause and prejudice, federal habeas relief will be unavailable when (1) a state court has declined to address a prisoner's federal claims because the petitioner has failed to meet a state procedural requirement"; and (2) the state judgment rests on independent and adequate state procedural grounds." *Id*., quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (internal quotation marks omitted). A state procedural rule rests on independent and adequate grounds if it is "firmly established and regularly followed". *Id. at *7*, quoting *Beard v. Kindler*, 130 S. Ct. 612 (2009). In *Walker*, *supra*, the Supreme Court held California's procedural rule was firmly established and regularly followed, satisfying the "independent and adequate grounds" standard. *Id.*

When "a plea rests in any significant degree on a promise or agreement of the prosecutor,

so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262 (1971); *See also, Johnson v. Lumpkin*, 769 F.2d 630 (9th Cir. 1985) ("As a general rule, fundamental fairness requires that promises made during a plea bargaining...must be respected."). "[In] deciding whether a plea agreement has been breached, the court considers what the defendant reasonably understood when he pled guilty." *U.S. v. Packwood*, 848 F.2d 1009 (9th Cir. 1988). "Guilty pleas are valid if made voluntarily and intelligently." *Brady v. U.S.*, 397 U.S. 742 (1970). In determining whether Petitioner's consent to the plea agreement was valid, the test is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Doe v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007). The "record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Id.*

First, as Respondent observes, Petitioner misrepresented the probation officer's report cited. After the District Attorney filed its third amended complaint, which included Petitioner's two prior strikes, the probation officer released a subsequent report on April 20, 2006, which indicates Petitioner stipulated to a 25-years-to-life prison term with the possibility of parole. (Lodgment No. 6 at 100.) Hence, the plea agreement entered into by Petitioner contained no promise that he would be sentenced to a 14 years and 4 months prison term. Moreover, at the March 27, 2006 plea proceedings, Petitioner repeatedly acknowledged that the plea agreement stipulated a 25-years-to-life prison term:

> THE COURT: Okay. So, Mr. Cuero, do you understand that if you plead guilty to this felony offense and admit those two prison priors, you face a mandatory prison sentence of 25 years to life in prison, no more and no less?
>
> CUERO: And I will be eligible after 25 years for parole?
>
> THE COURT: Eligible, but there are no guarantees that you will get it.
>
> CUERO: Right. (Lodgment No. 5 at 66, paras. 19-28.)
>
> - - -
>
> THE COURT: And then by admitting the second strike prior, it then mandates a sentence of 25 years to life with no credits for those 25 years but you become eligible for probation after 25 years. Do you understand that?
>
> CUERO: Yes. (*Id.* at 66, paras. 3-8.)

1        Second, Petitioner's contention his consent to the plea agreement was "involuntary" is

2    baseless.  A review of the state court record shows Petitioner was counseled by his attorney, and

3    indicates on multiple occasions his consent to the negotiated plea agreement was made "knowingly

4    and voluntarily".  Further, Petitioner initialed the plea flea form to indicate: "I have not been

5    induced to enter this plea by any promise or representation of any kind, except 'Stipulate to 25 yrs.

6    to life with parole eligibility in 25 yrs.'." (Lodgment No. 1 at 81.)

7        Third, as discussed above, California's procedural mandates pertaining to habeas claims

8    are consistent with controlling federal law.  Petitioner failed to raise this claim in his first two

9    habeas petitions in Superior Court, and provided no justification for waiting until filing for habeas

10   relief in the state appellate court before raising this claim for the first time.  Hence, this court finds

11   the state court's ruling was not contrary to, or an unreasonable application of, clearly established

12   federal law.  Therefore, it is recommended that federal habeas relief be **DENIED** on this claim.

13   **C.      Use of Prior Strikes to Enhance Sentence**

14       Finally, Cuero contends his due process rights were violated by the trial court's use of two

15   prior felony convictions to enhance his sentence pursuant to California's Three Strikes Law. (Doc.

16   No. 1 at 8.)  In support, Cuero argues: (1) the two prior felony convictions were improperly

17   considered by the trial court at sentencing pursuant to *People v. Trujillo*, 40 Cal.4th 165, 175

18   (2006), which held a "defendant's statement in a probation officer's report, made after a plea of

19   guilty [has] been accepted, is not part of the record of conviction and therefore may not be

20   considered in determining whether the prior conviction is a "strike" within the meaning of the

21   Three Strikes Law"; (2) that any statements or admissions contained in the plea agreements or

22   probation reports do not describe the nature of the prior convictions and cannot be used to prove

23   the prior convictions are serious or violent felonies; and (3) that the prior offenses are not serious

24   felonies under California Penal Code section 667, and therefore are not "strikes" for sentencing

25   purposes. *Id.*

26       Respondent argues (1) Petitioner is precluded from raising such a challenge under

27   *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403 (2001), which held "a state

28   conviction is regarded as conclusively valid when it is no longer open to direct or collateral attack

because the defendant failed to pursue state remedies while they were available or because the

defendant did so unsuccessfully"; (2) Petitioner's sentence was correctly enhanced because the

trial court relied on Petitioner's admission and stipulation to the sentence, not post-plea statements

found in a probation report; and (3) interpreting state sentencing laws is not within the purview of

a federal habeas court. (Doc. 35 at 15.)

Federal habeas corpus jurisdiction does not extend to alleged violations of state law.

*Guzman v. Morris*, 644 F.2d 1295 (9th Cir. 1981). The Ninth Circuit has refused to consider

claims of erroneous application of state sentencing law by state courts in habeas corpus review.

*See, e.g., Miller v. Vasquez*, 868 F.2d 1116, 1118 (9th Cir. 1989) ("whether assault with a deadly

weapon qualifies as a "serious felony" under California's sentencing enhancement provisions is a

question of state sentencing law and does not state a constitutional claim."), *Estelle v. McGuire*,

502 U.S. 62, 68 (1991), ("It is not the province of a federal habeas court to reexamine state court

determinations on state law questions."). The question to be decided by a federal court on petition

for habeas corpus is not whether the state committed state law error but whether the state court's

action was so "arbitrary or capricious as to constitute an independent due process or Eighth

Amendment violation." *See Richmond v. Lewis*, 506 U.S. 40, 50 (1992). "A petitioner's due

process rights have been violated only if the trial court's error rendered the state proceeding

fundamentally unfair." *Jammal v. Van De Kamp*, 926 F.2d 918, 920 (9th Cir. 1991).

Here, Cuero fails to demonstrate the state court's consideration of his two prior strikes

violates the Constitution or laws of the United States. The state court's consideration of

Petitioner's prior strikes is a question of state law not subject to federal habeas review. Even if it

were within the scope of this court's authority to review questions of state law on habeas review,

the state court's enhancement of Cuero's sentence was proper. The California Court of Appeal, in

denying Petitioner's claim, held:

> "[t]he trial court relied on petitioner's admission and stipulation to the sentence, not post-
> plea statements found in a probation report, to support the determination that his priors
> were strikes. Because petitioner admitted his prior convictions and did not otherwise
> contest them, *Trujillo* does not apply, and petitioner's claim fails." (Lodgment No. 13 at 5.)
> As the California Court of Appeal found, the trial court relied on Petitioner's admission to
> two prior felonies: first degree burglary (CAL. PENAL CODE § 459, 460); and assault with a
> deadly weapon (CAL. PENAL CODE 245(a)(1)):

THE COURT:  Were you convicted of first degree burglary in May of 1991, in the County of San Diego?

CUERO:  Yes, I was.

THE COURT:  Were you convicted of assault with a dangerous or deadly weapon in violation of [Penal Code section] 245(A)(1) in March of 1992, in the Superior Court of this county?

Cuero:  Yes, I was. (Lodgment No. 5 at 70, paras. 16-23.)

Both of these convictions are "serious felonies" under California Penal Code section 1192.7. *See* CAL. PENAL CODE § 1192.7(c)(18) ("Any burglary of the first degree."); CAL. PENAL CODE § 1192.7(c)(23) ("Any felony in which the defendant personally used a dangerous or deadly weapon.") "Serious felonies" are considered "strikes" for sentencing purposes pursuant to California Penal Code section 1170.12(b)(1).  Therefore, the state court's use of Petitioner's prior convictions for sentencing purposes was not contrary to or an unreasonable application of clearly established federal law.

For the reasons stated above, it is recommended that federal habeas relief be **DENIED** on this claim.

## VI.

### CONCLUSION AND RECOMMENDATION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing Judgment be entered denying the Petition, evidentiary hearing, and dismissing this action.

**IT IS ORDERED** that no later than **April 25, 2011** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

//

//

//

//

//

08cv2008 BTM (WMc)

1      **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court

2 and served on all parties no later than **May 11, 2011**.  The parties are advised failure to file

3 objections within the specified time may result in a waiver of the right to raise those objections on

4 appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also*

5 *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

6      **IT IS SO ORDERED**.

7

8 **DATED:  March 25, 2011**

9

10                                 **Hon. William McCurine, Jr.**

                                     **U.S. Magistrate Judge**

11                                  **United States District Court**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                08cv2008 BTM (WMc)