# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DANIEL CUERO,<br><br>　　　　　　　　　　Petitioner,<br><br>　vs.<br><br>MATTHEW CATE, Secretary,<br><br>　　　　　　　　　　Respondent. | Civil No. 08cv2008-BTM (WMc)<br><br>**ORDER:**<br><br>**(1)　ADOPTING THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;**<br><br>**(2)　DENYING PETITION FOR WRIT OF HABEAS CORPUS; and**<br><br>**(3)　ISSUING A CERTIFICATE OF APPEALABILITY** |

　　　　Petitioner is a state prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner entered a negotiated guilty plea in the San Diego County Superior Court which resulted in his conviction for causing great bodily injury while operating a motor vehicle under the influence of alcohol or drugs. (Pet. at 1-2.) Petitioner was sentenced to twenty-five years-to-life in state prison under California's Three Strikes law as a result of a prior conviction for residential burglary and a prior conviction for assault with a deadly weapon. People v. Cuero, 2007 WL 841757 at *1 (Cal.App.Ct. Mar. 21, 2007) (unpublished memorandum). Petitioner alleges here that he received ineffective assistance of trial and appellate counsel, that his plea agreement was violated, and that his sentence was unlawfully enhanced by the prior felony convictions. (Pet. at 6-8.)

Respondent filed an Answer to the Petition contending that Petitioner failed to state a colorable claim of ineffective assistance of counsel, that his plea agreement has not been violated, and that his sentence was properly enhanced. (EFC No. 35.) Petitioner responded with a Traverse in which he apparently attempts to present new claims based on the same facts which support the claims raised in the Petition, relating to allegations of ineffective assistance of counsel, use of his prior convictions to enhance his sentence, and the prosecutor's actions in connection to the plea agreement. (EFC No. 41.) In particular, he contends that there was insufficient evidence to support using the prior convictions to enhance his sentence, and that their use violated ex post facto principles, constituted prosecutorial misconduct, and violated the principles discussed in Blakely v. Washington, 542 U.S. 296 (2004) and Cunningham v. California, 549 U.S. 270 (2007). (Traverse at 5-11.)

Presently before the Court is a Report and Recommendation ("R&R") submitted by United States Magistrate Judge William McCurine, Jr. (ECF No. 42.) The Magistrate Judge found that the claims raised in the Petition are insufficiently meritorious to warrant federal habeas relief, and recommended denying the Petition and declining to exercise the Court's discretion to address any new claims raised in the Traverse. (R&R at 2 n.1, 4-14.) Petitioner has filed Objections to the R&R in which he again attempts to present new claims arising from the same facts supporting his Petition claims. (EFC No. 45.) Specifically, he contends that he was improperly charged and prosecuted, his prior convictions were improperly used to enhance his sentence, and that his trial attorney was deficient in failing to object to improper procedures and failing to utilize proper procedures. (Obj. at 2-14.)

The Court has reviewed the R&R and Petitioner's Objections pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has reviewed those portions of the R&R to which Petitioner has objected and, based on a de novo review, **ADOPTS** the findings and conclusions of the Magistrate Judge. The

Court **DENIES** the Petition for a Writ of Habeas Corpus for the reasons set forth in the R&R. To the extent there are new claims raised in the Traverse or in Petitioner's Objections to the R&R, they merely rely on the factual predicate of the claims presented in the Petition which the Magistrate Judge correctly found to be without merit, and the Court exercises its discretion and declines to address such claims. See Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002) (holding that district court has discretion whether to consider evidence presented for the first time in objections to an R&R); see also Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (stating that court may ignore issue raised for first time in traverse when scope of traverse has been specifically limited by court order and petitioner ignores order to file a separate pleading indicating intent to raise claim). The Court issues a Certificate of Appealability as to all claims raised in the petition.

The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: April 25, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court